UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| S&K MANUFACTURING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV2024SNLJ |
| ) | |
| HOFFMAN INT'L, L.L.C., ANDREW ) | |
| JASINSKI, and LIDIA JASINSKI, ) | |
| ) | |
| Defendants/Counterclaim Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| DAVID McCLASKEY, KARYN ) | |
| BOHANNAN, ROBERT BOHANNAN, ) | |
| ) | |
| Third-Party Defendants. ) | |

## MEMORANDUM AND ORDER AND JUDGMENT

This is a breach of contract action originally filed in the Circuit Court for St. Charles County, Missouri and removed to federal court on or about December 6, 2007. Pending before the Court on several motions all related to the dilatory manner in which the plaintiffs chose to litigate this case: 1) Jasinski defendants' motion to dismiss (#18), filed January 14, 2008[1]; 2) defendant Hoffman's motion to dismiss (#41), filed March 3, 2008; 3) Jasinski defendants' motion for entry of default judgment (#43), filed March 10, 2008; 4) plaintiffs' motion to set aside clerk's entry of default (#51), filed March 31, 2008; 5) Jasinski defendants' motion to strike answer(s) (#55), filed April 4, 2008; 6) Jasinski defendants' motion to strike plaintiffs' motion to set aside

---

[1]This case was originally assigned to United States Magistrate Judge Audrey G. Fleissig. On or about February 27, 2008 Magistrate Judge Fleissig converted this motion to dismiss to a summary judgment motion. Order #39, filed February 27, 2008.

clerk's entry of default (#57), filed April 7, 2008; 7) defendant Hoffman's motion for clerk's entry of default (#59), filed April 9, 2008; and 8) defendant Hoffman's motion for entry of default judgment (#60), filed April 9, 2008.[2] Responsive pleadings to some or all of these motions have been filed.

Before making its definitive rulings on the pending motions, it is necessary for the Court to set forth briefly the litigation history of this case. Upon removal of this case to federal court, there was some time spent on advising the *pro se* Jasinski defendants of the need to obtain new counsel for the corporate defendant Hoffman. Meanwhile, in mid-January the Jasinski defendants filed and served upon the plaintiffs their motion to dismiss (later converted to a summary judgment motion). Furthermore, on January 28, 2008 the Jasinski defendants filed their answer and third-party claim. Document #23. Plaintiff S&K Manufacturing, as well as the third-party defendants David McClaskey, Karyn Bohannan, and Robert Bohannan, were all served on February 7, 2008 by the Jasinski defendants. On or about February 26, 2008 counsel for Hoffman Int'l was granted *pro hac vice* status and allowed to file his appearance on behalf of the corporate defendant. Also, on February 27, 2008 the Court ordered the plaintiffs to respond to the motion to dismiss/summary judgment by March 31, 2008. *See*, Court Order #39.

On or about March 3, 2008 defendant Hoffman filed its answer, counterclaim, and third-party claim against plaintiff S&K Manufacturing, as well as McClaskey and the Bohannans. This same date, it also filed a motion to dismiss (#41).

On March 10, 2008 the Court directed the Jasinski defendants to file the appropriate default motions and supporting documentation as to the plaintiff S&K Manufacturing, and

---

[2] Document #61, filed April 9, 2008 appears as a "motion"; however, it is actually the affidavit of defendant Andrew Jasinski on behalf of corporate defendant Hoffman, as well as documents in support of its attorney fees.

counterclaimants/third-party defendants McClaskey and the Bohannans in light of their failure to file any answer or responsive pleading to the counterclaims and/or third-party claims. *See*, Court Order #42. The Jasinski defendants complied with the Court's order, and on March 17, 2008 the Clerk filed his Entry of Default on behalf of the Jasinski defendants. *See*, Clerk's Entry of Default (#45).

Finally, on March 20, 2008, after the Clerk had filed his Entry of Default, plaintiff S&K Manufacturing and counterclaim-defendants/third-party defendants McClaskey and the Bohannans filed a responsive pleading in this case; i.e. a response in opposition to the default motion. *See*, Document 47. Eleven (11) days later, on March 31, 2008 attorney Eric F. Tremayne filed for leave to appear *pro hac vice* for S&K Manufacturing and counterclaim-defendants/third-party defendants McClaskey and the Bohannans; and filed a motion to set aside the Clerk's Entry of Default; as well as answer(s) to the outstanding counterclaims and third-party claims. On April 1, 2008 the Court denied the motion to appear *pro hac vice* as Mr. Tremayne was a Missouri attorney and directed Mr. Tremayne to "**PROVIDE[S] DOCUMENTATION FOR APPLICATION TO THE EASTERN DISTRICT OF MISSOURI BAR. SEE LOCAL RULE 83-12.01(E).**" Mr. Tremayne never filed such documentation in this case as ordered by the Court. However, pursuant to the Court's own investigation, it appears that Mr. Tremayne had failed to timely file the necessary papers and pay the requisite fee for his re-admittance to the federal bar and such admittance had lapsed. Upon the Court's order, apparently on or about April 30, 2008 Mr. Tremayne had filed the necessary papers and paid the requisite fee, and was re-admitted.

Defendants Jasinski opine that the Clerk's entry of default should not be set aside, and that the Court should enter its judgment for default because opposing parties did nothing until the

Clerk's entry of default was filed. They aver that the opposing parties filed no responsive pleadings, even when ordered to do so by the Court, and their attorney made no attempt to file for any extensions of time in order to file responsive pleadings. They point out that they were directed by the Court to file default papers, and properly did so as ordered. They further point out that any and all pleadings filed by Mr. Tremayne should be stricken since he was not an attorney in good standing to practice before this Court at the time of the filing of said papers.

Plaintiff/Counter-claim defendants/third-party defendants' counsel contends that there are primarily two (2) reasons for the failure to timely respond to the defendants' pleadings: 1) general confusion by the nature of their pleadings and the Court's rulings; and 2) his absence from his office from March 19, 2008 to March 29, 2008 and not being aware of the Clerk's Entry of Default until his return on March 29, 2008.

The Court finds the plaintiff/counter-claim defendants/third-party defendants' counsel's arguments to be meritless. Firstly, if counsel was truly confused by the nature of the defendants' pleadings and/or the Court's rulings, he made absolutely no attempt to seek clarification. If, as he argues, the defendants were filing untimely answers and counterclaims/third-party claims, he made no attempt whatsoever to strike same, or even seek default on behalf of his clients. He did nothing to protect his clients' interests and litigate this case until the Clerk's Entry of Default was filed. Secondly, he claims absence from his office as grounds for not taking affirmative action in this case. However, he was aware of the defendants' filing of the counterclaims and third-party claims prior to leaving the country on March 19th. He was aware of the Court's order of March 10, 2008 directing the defendants to file default papers by the end of March 2008 prior to leaving the country on March 19th. Yet, his only excuse is that the plaintiff/counterclaim-

defendants/third-party defendants were "under the impression" that the only action they were to take was respond to the motion to dismiss/summary judgment by March 31, 2008; and were also "under the impression" that the Court's March 10th order "found the Counterclaim Plaintiffs' Motion for Default improper and not pending". Finally, he contends that "Counterclaim Defendants were under the impression that their answer and reply to Defendants Jasinski's answer and counterclaim would be premature" and should be filed after responding to the motion to dismiss/summary judgment. Document 51, ¶¶17-21.

The fact of the matter is that there is nothing in any of the Court's orders which would give any attorney or party "the impression" that no responsive pleading in this case was necessary prior to March 31, 2008. Even if not filed precisely in accordance with the Federal Rules of Civil Procedure, the *pro se* defendants filed responsive pleadings and attempted to litigate this case in a responsible manner. Counsel for the plaintiff/counterclaim-defendants/third-party defendants did absolutely nothing once they were properly served with the counterclaims and third-party claims. No extensions of time to respond were filed, no motions for "clarification" were filed, and as far as the docket sheet shows (and counsel does not claim otherwise), there was no attempt whatsoever to meet with the Court to clear up whatever confusion was in the minds of plaintiff/counterclaim defendants/third-party defendants and/or their counsel. There simply is nothing before this Court to legally justify setting aside the Clerk's Entry of Default pursuant to Rule 60(b). There is no support for a finding of "excusable neglect" as required under Rule 60(b).

Furthermore, Mr. Tremayne was specifically directed by the Court to provide documentation of his application for reinstatement to practice before the Eastern District of Missouri Bar. He did not do as ordered by the Court. There is no "confusion" or some other

"impression" as to what the Court meant. It was only by this Court's own investigation that it became known, at least to the Court, that Mr. Tremayne's application was approved on or about April 30, 2008.[3] Local Rule 12.01 is very clear in that only attorneys enrolled pursuant to the rules of this Court may file pleadings, practice, or appear before this Court; and any attorney who has not timely filed for and been approved for renewal will be provisionally removed from the rolls of members in good standing and the privilege to file pleadings, practice, or appear before this Court is suspended until such time a subsequent application for admission is approved. Thus, until April 30, 2008, Mr. Tremayne was suspended from filing pleadings, practicing, or appearing before this Court in this case; therefore, all pleadings filed by Mr. Tremayne prior to April 30, 2008 will be stricken.

Finally, on or about April 9, 2008 counsel for corporate defendant Hoffman filed for the Clerk's Entry of Default (#59) and for the Court's Entry of Default Judgment (#60). As of today's date, plaintiff/counterclaim-defendants/third-party defendants have not filed any opposition or responsive pleading to these default pleadings. The Court concurs with the default pleadings that plaintiff/counterclaim-defendants/third-party defendants have failed to timely appear or respond to the defendant Hoffman's counterclaim and/or third-party claims. Thus, the Court will direct the Clerk of the Court to make an entry of default, after which this Court shall enter judgment of default on behalf of defendant Hoffman.

As to the amount of the default judgment on behalf of the Jasinski defendants, the Court has carefully reviewed the defendants' counterclaims/third-party claims, as well as the original motion for default judgment. Although the crux of this dispute is a contractual dispute, the

---

[3]Given that no documentation or affidavit evidencing this fact has ever been filed in this case, the Court must presume that the defendants were not aware of his reinstatement until now.

individual defendants/counterclaim plaintiffs' counterclaims appear to be tortious in nature. The amount of the requested damages is not reasonable. The defendants/counterclaim plaintiffs do not seek contractual damages but instead seek $1,850,000.00 in damages simply because they are "outraged" at being sued, and feel that they were harassed during their tumultuous business relationship with plaintiff/counterclaim-defendants/third-party defendants because the Jasinski defendants are "senior citizens". Unfortunately, this is not proper grounds for the damages sought by way of default. Given the total lack of any objective documentary support for the counterclaims asserted and/or the damages requested, the Court will enter a default judgment in the total amount of $ 1500.00; representing $1000.00 in nominal damages and $500.00 in attorneys' fees and costs for work performed in connection with these default pleadings.

Finally, the Court wants to make it clear that the above-findings and ultimate determinations are only in connection with the counterclaims and the default pleadings filed by the Jasinki defendants.[4] The plaintiffs' original claims, as contained in the removed complaint, still remain pending before this Court.

In accordance with the Court's above-referenced findings,

**IT IS HEREBY ORDERED** that plaintiff/counterclaim-defendants/third-party defendants S&K Manufacturing, David McClaskey, Karyn Bohannan and Robert Bohannan's motion to set aside Clerk's Entry of Default (#51) be and is **DENIED.**

**IT IS FURTHER ORDERED** that Jasinski defendants' motions to strike (#55 and #57) be and are **GRANTED.** Any and all pleadings filed by attorney Eric F. Tremayne, in federal court relating to this cause of action on or before April 29, 2008, are hereby stricken from the

---

[4]Still pending before the Court is the corporate defendant Hoffman Int'l's motions for entry of default by Clerk of the Court (#59) and for default judgment (#61), filed April 9, 2008.

record.

**IT IS FURTHER ORDERED** that Jasinski defendants' motion for judgment of default (#43) be and is **GRANTED.** Pursuant to Rule 55(b) Fed.R.Civ.P. judgment by default is hereby entered in favor of defendants Andrew Jasinski and Lidia Jasinski and against plaintiff/counterclaim-defendants/third-party defendants S&K Manufacturing, David McClaskey, Karyn Bohannan and Robert Bohannan for failure to plead or otherwise defend.

**IT IS FURTHER ORDERED** that a default judgment on behalf of defendants Andrew Jasinski and Lidia Jasinski and against plaintiff/counterclaim-defendants/third-party defendants S&K Manufacturing, David McClaskey, Karyn Bohannan and Robert Bohannan be and is entered in the total amount of $1500.00 as set forth above.

**IT IS FURTHER ORDERED** that Jasinski defendants' motion to dismiss (#18) be and is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendant Hoffman's motion to dismiss (#41) be and is **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk of the Court is directed to enter default on behalf of defendant Hoffman against plaintiff S&K Manufacturing for failure to timely appear and/or respond to defendant Hoffman's counterclaims.

Dated this ___8th___ day of December, 2008.

_____
UNITED STATES DISTRICT JUDGE